UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ZIOLKOWSKI,

    Plaintiff,

v.

CITY OF TAYLOR, DAVID STROMINGER,
JOSEPH TRIGG, TIMOTHY CULP, PAUL
OCONNOR, MICHAEL MILKA, and JOHN
MALIMPLETRI

    Defendant.
_____/

Case Number 12-10395
Honorable David M. Lawson

**ORDER GRANTING IN PART PLAINTIFF'S EMERGENCY *EX PARTE* MOTION
FOR SUBSTITUTED SERVICE AND EXTENSION OF SUMMONS FOR INDIVIDUAL
DEFENDANTS DAVID STROMINGER, JOSEPH TRIGG, AND TIMOTHY CULP**

The matter is before the Court on the plaintiff's motion to extend time to serve the summons and complaint on defendants David Strominger, Joseph Trigg, and Timothy Culp. The plaintiff also requests substituted service.

Generally, a plaintiff must serve each defendant with a copy of the summons and complaint within 120 days after filing the complaint. The deadline, however, must be extended "for an appropriate period" if "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m); *see United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991) (construing "good cause" showing required by government to obtain extension under 31 U.S.C. § 3730(b)(3)). A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the requested task within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (construing "good cause" for failure to present new evidence in prior Social Security proceeding under 42 U.S.C. § 405(g)). It may do so by advancing specific facts that describe the magnitude of

the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish*, 765 F. Supp. at 1354. For example, good cause is shown when "the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) cmt. to 1993 amends. (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987)). Generalizations and conclusory allegations will not suffice. *Ibid.* The Court exercises its discretion to determine whether this showing has been made. *See Friedman v. Estate of Prosser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

The plaintiff filed his complaint on January 30, 2012. The plaintiff filed his motion to extend time for serving the summons and complaint on May 29, 2012, three days before the task was required to be completed on June 1, 2012. The plaintiff states that his process server attempted to serve defendants David Strominger, Joseph Trigg, and Timothy Culp at the City of Taylor Police Department on May 7, 2012 and was informed that the defendants no longer work for the City of Taylor. The process server returned to the Administration Offices for the City of Taylor Police Department on May 20, 2012 and again was informed that the defendants no longer work there. The process server returned to the City of Taylor Police Department on May 22, 2012, and was informed once again that the defendants do not work there and told that no further information as to their whereabouts would be given. The plaintiff asserts that he has shown diligence in attempting to serve these defendants but has been unable to make service. The plaintiff requests that the Court extend the summons for ninety days and permit him to serve the defendants by service upon the City of Taylor, the City of Taylor Police Department, and/or the front desk sergeant at the City of Taylor Police Department.

The plaintiff's showing of good cause is marginal at best. However, because prejudice will not result from extending the summons, the Court will grant in part the plaintiff's motion and extend the summons for sixty days. Plaintiff's counsel has not explained why the first attempt at serving the defendants was not made for three and a half months after the case was filed. The plaintiff's process server would be well advised not to return to places where he knows the defendants are not to be found. However, the Court will not grant the plaintiff's motion for substituted service. Substituted service may be ordered where the Court finds that service of process cannot reasonably be made in a manner set forth under Michigan law, and that the substitute means requested are reasonably calculated to give the defendants actual notice of the proceedings and an opportunity to be heard. *See* Fed. R. Civ. P. 4(e)(1); Mich. Ct. R. 2.105(I)(1). The plaintiff has not made any showing that service cannot reasonably be made in a manner set forth under Michigan law. The plaintiff requests that the Court permit service to the City of Taylor or its Police Department. As has been made abundantly clear, the defendants are no longer employed by the City of Taylor Police Department. Accordingly, the substitute means that the plaintiff requests do not appear to be reasonably calculated to give the defendants actual notice of the proceedings.

It is **ORDERED** that the plaintiff's emergency *ex parte* motion for substituted service and extension of summons for defendants David Strominger, Joseph Trigg, and Timothy Culp [dkt. #8] is **GRANTED IN PART**.

It is further **ORDERED** that the plaintiff must serve copies of the summons and the complaint on defendants David Strominger, Joseph Trigg, and Timothy Culp **on or before July 30, 2012**.

                                          s/David M. Lawson  
                                          DAVID M. LAWSON  
                                          United States District Judge

Dated: June 4, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2012.

                           s/Deborah R. Tofil  
                           DEBORAH R. TOFIL